IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| LOUIS MACK, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:04-22064-JFA-BM |
| v. ) | |
| ) | |
| AMERICAN SPIRALWELD ) | **REPORT AND RECOMMENDATION** |
| PIPE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action was originally filed by the Plaintiff in the Richland County Court of Commons Pleas, Fifth Judicial Circuit, and was removed to this Court by the Defendant based on federal question jurisdiction. Specifically, Defendant contends that Plaintiff's fifth cause of action seeks relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., and 42 U.S.C. § 1981.

### Background

The file reflects that a conference and scheduling order was entered on September 15, 2004, providing for discovery to be completed by no later than March 7, 2005, with any dispositive motions to be filed on or before March 22, 2005. Thereafter, Defendant filed a motion to compel on November 8, 2004, seeking an order from this Court compelling Plaintiff to respond to Rule 26(a)(1) initial disclosures and the Court's Local Rule 26.03 interrogatories. Defendant

1



represented to the Court in its motion that, as of the date of the filing of the motion, Plaintiff had yet to serve the Defendant with either required document.

Plaintiff subsequently filed a copy of interrogatories with the Court on November 9, 2004, but did not otherwise respond to the Defendant's motion. As a result, the Court entered an order on January 19, 2005 granting the Defendant's motion (to the extent Plaintiff's filing of November 9, 2004 had not fully complied with Defendant's motion), and ordering Plaintiff to submit any further proper response within ten (10) days of the date of that order. Thereafter, on February 22, 2005, Defendant filed a motion for order to show cause seeking an order from this Court requiring Plaintiff to show cause why he should not be held in contempt for violating this Court's order of January 19, 2005. In that motion, Defendant certified to the Court that, as of the date of the filing of that motion, Plaintiff had neither served the Defendant with his Rule 26(a)(1) initial disclosures or his Local Rule 26.03 report.

The requisite time period for responding to Defendant's motion expired, with no response being received from the Plaintiff. Further, each of Defendant's filings contained an exhibit showing where defense counsel attempted to resolve the issues presented prior to the filing of a motion, but that no response had been received from Plaintiff's counsel. Therefore, the undersigned issued a Report and Recommendation on March 21, 2005 recommending that Plaintiff be required to advise this Court within ten (10) days of the date of any order adopting that Report and Recommendation as to whether he wished to continue to prosecute this action. In the event Plaintiff advised the Court that he did not wish to continue to prosecute this action at that time, or in the event no response was received from the Plaintiff within that ten (10) day period, then in that event it was recommended that this action be dismissed, without prejudice, for failure to prosecute



under Rule 41(b), Fed.R.Civ.P. If, however, Plaintiff advised the Court that he wished to continue to prosecute this case, defense counsel was instructed to provide this Court with an affidavit of fees and costs setting forth all expenses incurred by the Defendant in having to file and pursue its motions to compel and for an order to show cause. A copy of that affidavit was to be served on counsel for the Plaintiff, following which Plaintiff would have ten (10) days to provide any response to the amount of fees and costs being requested. After any response received from the Plaintiff, the Court would then enter an order setting forth the amount of fees and costs awarded to the Defendant, with Plaintiff being required to remit same to counsel within ten (10) days of the date of that order. However, if Plaintiff failed to remit said amount within the time provided, it was recommended that an order of dismissal of this case with prejudice be entered pursuant to Rules 37 and 41, Fed.R.Civ.P.

Plaintiff failed to file any response to that Report and Recommendation. However, in the interim, the Defendant also filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. Plaintiff failed to file any response to that motion for summary judgment, and on April 12, 2005 Defendant filed a supplemental memorandum in support of summary judgment, wherein Defendant noted Plaintiff's failure to file any objections to the Report and Recommendation and failure to respond to the motion for summary judgment, and asking that this case be dismissed with prejudice.

On April 13, 2005, the Honorable Joseph F. Anderson, Jr., Chief United States District Judge, entered an order noting the history of Plaintiff's failure to respond to the Defendant's summary judgment motion and the undersigned's Report and Recommendation, and requesting a memorandum from the Plaintiff explaining why the Defendant's motion for summary

3



judgment should not be granted. That order specifically provided that Plaintiff would have fifteen (15) days to respond to this request. Plaintiff failed to file a response within the fifteen (15) days set forth in this order; however, on May 4, 2005 (six days after the deadline set forth in Judge Anderson's order) Plaintiff filed a memorandum in opposition to the motion for summary judgment. Defendant filed a reply memorandum on May 5, 2005, following which the case was re-referred to the undersigned for consideration of the motion for summary judgment.

## I.

## (Discrimination Claim)

As previously noted, while Plaintiff's complaint contains five causes of action, only his fifth cause of action sets forth a federal claim. In this cause of action, Plaintiff claims that the Defendant, through its agents and assigns, discriminated against him prior to, during, and after an on the job injury suffered by the Plaintiff, and that this discrimination was racially motivated. Plaintiff, an African-American, alleges in his Complaint that he was injured while at work on or about April 29, 2002, following which he instituted proceedings to obtain worker's compensation benefits. Plaintiff alleges that while he was still under his doctor's care for his injuries, he was terminated by the Defendant at least in part because of his race, although no specifics are set out in the Complaint itself. Plaintiff also asserts separately in his third cause of action (which is a claim for "respondeat superior" liability of the Defendant for the actions of its agents) that he was, in part, subjected to a "hostile work environment".[1]

---

[1]Although not part of his fifth cause of action, "hostile work environment" is a form of discrimination for which an employer may be sued under Title VII. Therefore, the undersigned has addressed the applicability of Plaintiff's allegations to this cause of action, infra.

4



Defendant argues in its motion for summary judgment that Plaintiff's federal discrimination claim should be dismissed because Plaintiff has presented no evidence to substantiate his allegations that he was discharged or treated any differently because of his race, or that he was subjected to a racially hostile work environment. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Here, Plaintiff has provided no evidence to counter the Defendant's evidence or argument,[2] and after careful consideration of the evidence submitted to this Court in support of summary judgment, the undersigned is constrained to agree that the evidence is not sufficient to create a genuine issue of fact as to whether Plaintiff was subjected to racial discrimination by the Defendant, and that this claim should therefore be dismissed.

A review of the evidence submitted shows that Plaintiff suffered a workplace injury on April 29, 2002 when he fell and injured his neck and back. Plaintiff's Deposition, pp. 88-89. While his injuries required Plaintiff to miss work on occasion, Plaintiff was able to return to work and to continue performing his job. Plaintiff's Deposition, p. 105, Exhibit 14. However, the

---

[2]Specifically, Plaintiff has submitted no affidavits, deposition testimony, documentary exhibits, or any other evidence in opposition to the Defendant's motion for summary judgment, or to otherwise support his claims in this case.



5

evidence also reflects that Plaintiff had attendance problems prior to his accident, which had resulted in both counseling and written warnings; Plaintiff's Deposition, Exhibits 11-13; and on September 17, 2002, Plaintiff was suspended because of his attendance problems. Plaintiff's Deposition, Exhibit 16-17. Plaintiff was given the opportunity to rebut the Defendant's records setting forth his attendance problems, but after consideration of his response, the Defendant determined that its records were correct, and Plaintiff's employment was terminated under the Defendant's progressive discipline policy on September 24, 2002. Plaintiff's Deposition, Exhibits 16, 18, 19; see also Wightman Affidavit.

In his memorandum opposing summary judgment, Plaintiff offers general and conclusory statements that a racially hostile environment and discriminatory acts at the Defendant's workplace contributed to his discharge, but does not cite to any evidence.[3] While the Defendant points to several claims of discrimination made by the Plaintiff in his deposition,[4] a review of this testimony confirms Defendant's argument that Plaintiff provides no specific facts or evidence to support his claims of discriminatory treatment by the Defendant. See generally, Plaintiff's Deposition, pp. 118-121, 133-139, 145-146, 149-151, 174-178, 182-183, 277. See also Boulware Affidavit.

---

[3] Mere statements made in a counsel's brief do not constitute evidence. See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment]; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) [there must be evidence on which a jury could reasonably find for the Plaintiff]; Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence].

[4] This evidence was provided by the Defendant.



In order to pursue a disparate treatment claim for race discrimination under Title VII of the Civil Rights Act of 1964,[5] Plaintiff must present evidence of intentional discrimination, either by direct evidence or by the structured procedures set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); see also Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981). Plaintiff has not offered any direct evidence of race discrimination,[6] nor has he offered indirect evidence of discrimination through the McDonnell Douglas framework sufficient to survive summary judgment.[7] In order to survive summary judgment under the McDonnell Douglas framework, Plaintiff must show that "but for" his employer's intent to discriminate against him

---

[5] While Plaintiff also references a claim under 42 U.S.C. § 1981 in his Complaint, the standards applicable to lawsuits under § 1981 and Title VII are basically the same. Ross v. Kansas City Power & Light Co., 293 F.3d 1041, 1050 (8th Cir. 2002) ["In analyzing a claim...under section 1981, we apply the same standards as in a similar Title VII claim."]; Long v. First Union Corp. of Virginia, 894 F.Supp. 933, 945 (E.D.Va. 1995). The main difference between Title VII claims and claims brought under § 1981 is that individual liability is possible under § 1981. Dalton v. Jefferson Smurfit Corp., 979 F.Supp. 1187, 1201-1203 (S.D.Ohio 1997); cf. Lissau v. Southern Foods Serv., Inc., 159 F.3d 177, 180-181 (4th Cir. 1998). However, no individual liability is asserted in this case. See also Gairola v. Virginia Dep't of General Servs., 753 F.2d 1281, 1285 (4th Cir. 1985); Abasiekong v. Shelby, 744 F.2d 1055, 1058 (4th Cir. 1984).

[6] Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact without any inferences or presumptions. O'Connor v. Consolidated Coin Caterers Corp., 56 F.3d 542, 548-549 (4th Cir. 1995), rev'd on other grounds, 517 U.S. 308 (1996); Black's Law Dictionary, 460 (6th Ed. 1990) (citing State v. McClure, 504 S.W.2d 664, 668 (Mo.Ct.App. 1974); see Williams v. General Motors Corp, 656 F.2d 120, 130 (5th Cir. 1981), cert. denied, 455 U.S. 943 (1982).

[7] In addition to a McDonnell Douglas analysis, consideration of Plaintiff's claim under the so-called "mixed-motive" analysis is also now allowed, even though Plaintiff has presented only circumstantial, or indirect, evidence of discrimination. Hill v. Lockheed Martin Logistics Mgt., Inc., 354 F.3d 277, 284-285 (4th Cir. 2004); see also Mereish v. Walker, 359 F.3d 330, 339-340 (4th Cir. 2004); Machinchick v. PB Power, Inc., 398 F.3d 345, 352 (5th Cir. 2005) [ADEA]. Previously, consideration of a claim under the mixed motive analysis was only proper in direct evidence cases. However, neither party has argued for consideration of Plaintiff's claim under a "mixed-motive" analysis.



because of his race, he would not have suffered the complained of adverse employment action. EEOC v. Clay Printing Co., 955 F.2d 936, 941 (4th Cir. 1991); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234 (4th Cir. 1991).  Plaintiff's general and conclusory allegations in his Complaint, his brief opposing summary judgment, and the deposition testimony cited by the Defendant, without more, are insufficient to counter the evidence submitted by the Defendant in this case or to survive summary judgment. See Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998)[conclusory statements, without specific evidentiary support, do not support a claim for discrimination]; Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 960 (4th Cir. 1996) ["unsubstantiated allegations" are insufficient to defeat summary judgment]; cf. Cook v. CSK Transp. Corp., 988 F.2d 507, 513 (4th Cir. 1993) ["[U]nsupported allegations do not establish a prima facie case of race discrimination under Title VII."].

The same is true of Plaintiff's hostile work environment claim, which requires evidence that Plaintiff was subjected to racially offensive conduct in a work related setting which was sufficiently severe or pervasive to alter his condition of employment and to create an abusive work environment. See Ocheltree v. Scollon Productions, Inc., 308 F.3d 351, 356 (4th Cir. 2002), rehearing en banc, 335 F.3d 325 (4th Cir. 2003), cert. denied, 124 S.Ct. 1406 (2004); Spicer v. Commonwealth of Virginia Dep't of Corrections, 66 F.3d 705, 710 (4th Cir. 1995); Brown v. Perry, 184 F.3d 388, 393 (4th Cir. 1999); Shield v. Federal Exp. Corp., No. 03-2103, 2005 WL 102990 at **3 (4th Cir. Jan. 19, 2005) (citing Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183-184 (4th Cir. 2001)).[8]  The conduct or comments cited by the Plaintiff in his deposition testimony

---

[8] To establish liability, the cited conduct must also be imputable on some factual basis to Plaintiff's employer.  Id.



fail to meet this standard. Indeed, most of Plaintiff's testimony does not even refer to incidents which overtly reflect a racial component. See generally, Plaintiff's Deposition, pp. 145-146, 149-151, 174-176, 178, 182-183. See also Bolden v. PRC, Inc., 43 F.3d 545, 551 (10th Cir. 1994), cert. denied, 516 U.S. 826 (1995) ["General harassment if not racial or sexual is not actionable"]; Norris v. City of Anderson, 125 F.Supp.2d 759, 769 (D.S.C. 2000) ["since plaintiff's allegation contains no racial animus, it cannot be used to support his hostile work environment claim"]. The only comment cited by the Plaintiff directly attributable to his race was a comment allegedly made by the Defendant's Vice President of Operations, Don Gray, who overheard Plaintiff talking about a "tan line" he had gotten while on vacation and laughingly made the comment "black people don't have no tan line." Plaintiff's Deposition, p. 182. However, Plaintiff himself admits that when he indicated to Gray that he thought his comment was rude, Gray apologized for making the remark. Plaintiff's Deposition, p. 183. This one time comment is not sufficient to establish a hostile work environment for purposes of a Title VII discrimination claim. See Guidry v. Zale Corp., 969 F.Supp. 988, 990 (M.D.La. 1997) [isolated comments do not constitute severe or pervasive conduct]; Cram v. Lamson & Sessions, 49 F.3d 466, 474 (8th Cir. 1995) [sporadic or casual comments are unlikely to support a hostile environment claim]. See also Hopkins v. Baltimore Gas & Electric Co., 77 F.3d 745, 754 (4th Cir. 1996) ["Title VII was not designed to create a federal remedy for all offensive language and conduct in the work place."]; Hartsell v. Duplex Products, 123 F.3d 766, 773 (4th Cir. 1997).

        Since Plaintiff has failed to present any evidence to show that any adverse employment action taken by the Defendant against him was based on his race and/or constituted a hostile work environment, the Defendant is entitled to summary judgment on Plaintiff's federal

9



discrimination claim. See Causey, 162 F.3d at 802 [conclusory statements, without specific evidentiary support, do not support a claim for discrimination]; Cook, 988 F.2d at 513 ["[U]nsupported allegations do not establish a prima facie case of race discrimination under Title VII."]; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ["Rule 56(c) mandates the entry of summary judgment... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."]; Hawkins v. Pepsico, Inc., 203 F.3d 274, 281 (4th Cir. 2000) [affirming the grant of summary judgment to the employer on Title VII claim where the employee could not "show that... [the] problems were racial in nature"].

## II.

### (Remaining State Law Claims)

As noted, only one of Plaintiff's causes of action in this case sets forth a federal claim. The remaining four causes of action all set forth state law claims. Hence, if the Court adopts the recommendation herein with regard to Plaintiff's federal claim, Plaintiff's pendant state law claims will be the only claims remaining in this lawsuit.

When federal claims presented in a case originally filed in state court are dismissed, any remaining state law claims should be remanded back to state court for resolution under the general doctrine developed in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). See In Re Conklin, 946 F.2d 306, 324 (4th Cir. 1991); Nicol v. Imagematrix, Inc., 767 F.Supp. 744, 746, 749 (E.D.Va. 1991); Mills v. Leath, 709 F.Supp. 671, 675-676 (D.S.C. 1988); Carnegie-Melon v. Cohill, 484 U.S. 343 (1988); Taylor v. Waters, 81 F.3d 429, 437 (4th Cir. 1996). Remand of these remaining state law causes of action will not only allow the more appropriate court to rule



on these exclusively state law claims, but will not prejudice the parties. As these claims have already been briefed, the parties may seek a fast track for resolution of these claims at the state level. See Rule 40(c), S.C.R.Civ.P. Additionally, if summary judgment were to be denied, it would be much more appropriate for these claims to be tried by the state courts.

The only factor that gives the undersigned pause in making this recommendation is the fact that, in the original Report and Recommendation issued in this case on March 21, 2005, it was recommended that this case be dismissed if Plaintiff did not pay the costs and expenses incurred by the Defendant in having to file and pursue its motions to compel and for an order to show cause in this case. Since this matter was remanded to the undersigned without a ruling on this recommendation, Defendant's entitlement to these fees and costs, and the possibility that Defendant may be entitled to complete dismissal of this action if these fees and costs are not remitted, has not been addressed. However, in light of the recommended disposition of Defendant's subsequently filed motion for summary judgment, the undersigned does not find that this is an issue which needs to be addressed at this time, although the District Judge in his discretion may require the payment of such fees and costs (if he finds that an award of such fees and costs is justified) prior to remand of this action. If, however, this issue is not addressed by this Court prior to any remand of this action to state court, Defendant may of course pursue the matter of an award of fees and costs with the state court.

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment with respect to Plaintiff's federal claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 be **granted**, and that these discrimination claims be **dismissed.** It is further

11



recommended that Plaintiff's remaining state law claims be **remanded** back to state court for disposition.

                                                    Bristow Marchant  
                                                    United States Magistrate Judge

Columbia, South Carolina

November 14, 2005